# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD ALLEN MATHIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00396-JPG |
| ) | |
| MARTHA MARKEE, et al, ) | |
| ) | |
| Defendants. ) | |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

Plaintiff Richard Mathis filed this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that allegedly occurred when he was incarcerated at the United State Penitentiary located in Marion, Illinois ("USP Marion"). On April 25, 2019, this Court sent a letter to Plaintiff granting his Motion to Proceed *in forma pauperis* and ordering him to pay an initial partial filing fee of $30.00. (Doc. 8). The letter was mailed to Plaintiff at the address on file with the Clerk's Office in this action – Marion U.S. Penitentiary, P.O. Box 1000, Marion, IL 62959.

On May 9, 2019, the letter was returned to this Court with a forwarding address of 672 South Main Street, Walcott, Iowa, and marked as undeliverable to this address. The Court again sent a letter to Plaintiff at the Walcott, Iowa address ordering him to provide his current address by June 20, 2019, and notifying him that failure to do so may result in the dismissal of this action for want of prosecution under Federal Rule of Civil Procedure 41(b). (Doc. 11). This letter was also returned to the Court as undeliverable. (Doc. 12). Plaintiff was previously advised in an order from the Court dated April 10, 2019, of his continuing obligation to keep the Court informed of any change in his address within seven days of the address change. (Doc. 5). That order apparently reached Plaintiff, as it was not returned

1

to the Clerk's Office of this Court. Furthermore, the BOP's website[1] provides that Plaintiff was released on April 9, 2019.

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed without prejudice for failure to comply with two court orders (Doc. 5 and Doc. 11) and for failure to prosecute. *See* FED. R. CIV. P. 41(b). The dismissal does not count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 7/16/2019**

                                                  s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited on July 15, 2019).